IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CHARLENE H. HALLMAN, as next friend of H.H., a minor,[1] JESI HALLMAN, AMANDA E. WALTERS, and ROBERT W. HALLMAN, <br><br> Plaintiffs, <br><br> v. <br><br> LINDA C. HALLMAN and PRINCIPAL LIFE INSURANCE COMPANY, <br><br> Defendants. | CIVIL ACTION NO. 5:12-CV-4 (MTT) |

## ORDER

Before the Court is Principal Life Insurance Company's Consent Motion for Discharge, Dismissal, Injunctive Relief, and Attorney's Fees,[2] and for Disbursal of Funds. (Doc. 16). For the following reasons, this Motion is **GRANTED in part** and **DENIED in part**.

### A. Background

The Plaintiffs filed this lawsuit in the Superior Court of Houston County in November 2011 asserting their entitlement to life insurance benefits payable by reason of Robert F. Hallman, Jr.'s death. (Doc. 1-1). In dispute are funds provided by two

---

[1] The Plaintiff "H.H." is no longer a minor. Therefore, disbursements from the interpleaded funds can be made payable to him directly without the need for a conservator.

[2] After filing its Motion, Principal Life withdrew its request for attorney's fees.

insurance plans Principal Life issued under Policy No. 1005562 in which the decedent was a participant: the Group Voluntary Term Life Insurance Plan ("GVTL Plan") and the Group Member Life Insurance Plan ("GMLI Plan"). Under the GVTL Plan, $100,000 became payable to the proper beneficiaries at the decedent's death. Of that amount, only $50,000, plus interest, is at issue in this case.[3] Under the GMLI Plan, $94,000 became payable at the time of the decedent's death.

On January 4, 2012, Principal Life removed the action to this Court because the insurance plans are employee welfare benefits governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* (Doc. 1). On January 11, 2012, Principal Life Answered the Complaint. The company simultaneously asserted counter- and cross-claims in interpleader, pursuant to Fed. R. Civ. P. 22, against the four Plaintiffs and Defendant Linda C. Hallman. (Doc. 3). Principal Life also moved to join Magnolia Cemetery and McCullough Funeral Home, Inc.[4] as defendants in interpleader and moved to deposit the contested life insurance benefits into the Court registry. (Docs. 3, 4, 5). The Court granted Principal Life's motions January 30, 2012. (Doc. 7).

On February 13, 2012, Principal Life deposited into the Court registry $154,012.72. Of that, $50,000 represents unpaid portions of benefits due under the GVTL Plan, $94,000 represents benefits payable under the GMLI Plan, and the

---

[3] The other $50,000, plus interest, due under the GVTL Plan was previously paid by Principal Life to Amanda E. Walters and Robert W. Hallman, whose designation as beneficiaries under that plan has not been contested. That payment and those funds are not in contention here.

[4] In June 2011, Defendant Linda Hallman had assigned $6,000.00 of the benefits payable under the GMLI Plan to Magnolia Cemetery. (Docs. 3, 3-7). She had assigned $8,097.23 benefits payable under the GMLI Plan to McCullough Funeral Home. (Doc. 3, 3-8).

remaining $10,012.72 represents applicable interest.  The Plaintiffs (Doc. 13) and Defendant Linda C. Hallman (Doc. 6) have all asserted claims to the interpleaded funds.  Magnolia Cemetery and McCullough Funeral Home were served with the claims in interpleader on February 2, 2012, (docs. 10, 11) but neither party has filed an Answer or any other responsive pleadings.

### B. Discussion

In its Motion, Principal Life first asks the Court to release and discharge it from all claims, causes of action, or other liability pertaining to the life insurance benefits payable by reason of Hallman, Jr.'s death under the GMLI and GVTL plans.  The Court agrees that Principal Life has met its obligations by depositing the disputed funds, plus interest, into the Court's registry.  At this juncture, there is nothing in the record to suggest that Principal Life is anything other than a disinterested stakeholder, and the parties have consented to its discharge.  *See Am. Gen. Life Ins. Co. v. Brothen*, 829 F. Supp. 2d 1369, 1371 (N.D. Ga. 2011) (discharging insurance company on similar grounds in interpleader action).  Therefore, to the extent it seeks discharge as pertaining to the life insurance benefits at issue here, Principal Life's motion is **GRANTED**.  Principal Life is **dismissed with prejudice** as a party in this action.

Principal Life next asks that the defendants-in-interpleader – the four plaintiffs, Defendant Linda C. Hallman, Magnolia Cemetery, and McCullough Funeral Home – be permanently enjoined from instituting or prosecuting any proceeding against it in any state or United States court pertaining to funds payable under the insurance policy.  The Anti-Injunction Act, 28 U.S.C. § 2283, allows federal courts to enjoin state proceedings "where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

However, Principal Life has asserted no facts to suggest an injunction is necessary for these reasons. Additionally, to the extent that Principal Life would rest its request on 28 U.S.C. § 2361, the Court notes that this section "only authorizes injunctions against other judicial proceedings in statutory-interpleader actions, it does not apply to rule interpleader." *Am. Gen. Life Ins. Co. v. Jones*, 2008 WL 4949847, at *2 (S.D. Ala.) (quoting Wright, Miller & Kane, 7 Fed. Prac. & Proc. Civ. § 1717 (3d. ed.)). *See also Harris Corp. v. Dunn*, 2006 WL 2691541 (denying permanent injunctive relief in ERISA rule interpleader action). As noted above, this is a rule interpleader action filed under Fed. R. Civ. P. 22. Finally, even if the law permitted an injunction here, Principal Life has made no factual assertion as to why one is necessary or why its interests would not be adequately protected by res judicata or collateral estoppel after the Court enters its judgment. In short, "an injunction in the rule interpleader context is at best problematic" and is not necessary here. *Jones*, 2008 WL 4949847, at *2. Therefore, Principal Life's motion to permanently restrain and enjoin the defendants-in-interpleader is **DENIED**.

Finally, Principal Life requests that $50,000, which represents the unpaid portion of the GVTL Plan, plus an additional $3,476.64 in interest, be paid equally to plaintiffs Jesi Hallman and H.H. All parties have by motion consented to this request.[5] Moreover, Defendant Linda C. Hallman has previously conceded that there is no need

---

[5] This excludes, of course, Magnolia Cemetery and McCullough Funeral Home, who have thus far not participated in this interpleader action. The Court notes, however, that in addition to their failure so far to assert any claim to the interpleaded funds, whatever interest these parties might have arise under the GMLI Plan. Because the disbursement made by this Order involves funds representative of the GVTL Plan, the cemetery and funeral home's interest in the interpleaded funds, to the extent such interest exists, is not impacted.

for the $50,000 due under the GVTL Plan "to be paid to anybody other than" Jesi Hallman and H.H..  (Doc. 6, ¶ 4).  Therefore, the motion for disbursement is **GRANTED**.

Accordingly, Plaintiff Jesi Hallman is awarded $26,738.32 of the interpleader fund on deposit in the registry of the Court, representing half of the unpaid portion of the benefits payable under the GVTL Plan, plus interest.  The Clerk of the Court is **ORDERED** to draw a check on the interpleader fund in the amount of $26,738.32 and made payable to "Jesi Hallman."  The check is to be mailed to her attorney, Edwin S. Varner, Jr., Varner & Adams, P.C., 1719 Russell Parkway, P.O. Box 8099, Warner Robins, Georgia 31095.  Likewise, Plaintiff H.H. is awarded $26,738.32 of the interpleader fund on deposit in the registry of the Court, representing the other half of the unpaid portion of the benefits payable under the GVTL Plan, plus interest.  The Clerk of the Court is **ORDERED** to draw a check on the interpleader fund in the amount of $26,738.32 and made payable to "Heath Hallman."  The check is to be mailed to his attorney, Edwin S. Varner, Jr., Varner & Adams, P.C., 1719 Russell Parkway, P.O. Box 8099, Warner Robins, Georgia 31095.

Following this disbursement, the remainder of the interpleader funds shall remain in the registry of the Court until ultimately disposed of.

**SO ORDERED**, this 21st day of November, 2012.

                                                S/ Marc T. Treadwell
                                                MARC T. TREADWELL, JUDGE
                                                UNITED STATES DISTRICT COURT