IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CHARLENE H. HALLMAN, as next friend of H.H., a minor,[1] JESI HALLMAN, AMANDA E. WALTERS, and ROBERT W. HALLMAN, <br><br> Plaintiffs, <br><br> v. <br><br> LINDA C. HALLMAN and PRINCIPAL LIFE INSURANCE COMPANY,[2] <br><br> Defendants. | CIVIL ACTION NO. 5:12-CV-4 (MTT) |

## ORDER

This is a dispute over life insurance funds that became payable upon the death of Robert F. Hallman, Jr., through two plans issued by Principal Life under Policy No. 1005562: the Group Voluntary Term Life Insurance Plan ("GVTL Plan")[3] and the Group Member Life Insurance Plan ("GMLI Plan"). A divorce agreement between Robert Hallman and his previous wife, Charlene Hallman, purportedly obligated Robert Hallman to list the Plaintiffs, his four children, as beneficiaries of his life insurance policies. However, sometime after Robert Hallman was remarried to Defendant Linda Hallman and before he died, the listed GMLI Plan beneficiary was changed from his children to Linda Hallman.

---

[1] The Plaintiff "H.H." is no longer a minor.

[2] Principal Life has been dismissed from this action. (Doc. 18).

[3] The GVTL Plan funds were fully disposed of by a previous Order of this Court. (Doc. 18).

The lawsuit was originally filed in Houston County Superior Court and asserted only state law claims, but Principal Life removed the case to this Court because the insurance plans are employee welfare benefits governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* (Doc. 1). After depositing the money into the Court registry, Principal Life was dismissed. (Doc. 18). Further, the Court Ordered the remaining portion of the GVTL Plan benefits be paid to Plaintiffs Jesi Hallman and H.H., who were listed beneficiaries. This left only the GMLI Plan funds to be disposed of. (Doc. 18). Linda Hallman is the only listed beneficiary to the GMLI Plan.

Following the dismissal of Principal Life and the disbursement of the GVTL Plan benefits, the Court raised questions regarding subject matter jurisdiction and the Plaintiffs' ERISA standing, and the Parties briefed the issue of whether the divorce agreement is a "qualified domestic relations order" exempt from ERISA preemption. The Court has now determined the divorce agreement (Doc. 1-1 at 9-16) is not a "qualified domestic relations order" as defined by 29 U.S.C. §§ 1056(d)(3)(B)-(D). The divorce agreement does not clearly specify "the name and mailing address of each alternate payee covered by the order," "the number of payments or period to which such order applies," or "each plan to which such order applies."[4] 29 U.S.C. § 1056(d)(3)(C)(i)-(iv). Moreover, the Parties concede that the divorce agreement is not a "qualified domestic relations order." (Docs. 24, 25). Consequently, the divorce agreement is preempted by ERISA.

---

[4] The only part of the divorce agreement that purportedly addresses the life insurance benefits at issue reads as follows: "Plaintiff agrees to maintain his current life insurance. The beneficiaries listed on said life insurance policies shall be all four of his children with said proceeds dividedly equally among said children." (Doc. 1-1 at 13, ¶ 6).

-3-

Because the divorce agreement is not a "qualified domestic relations order" that impacts the ERISA plan documents, and because, as the Plaintiffs admit, Defendant Linda Hallman is the listed beneficiary of the GMLI Plan funds (Doc. 3-5 at 2; Doc. 13, ¶ 35), whether the Plaintiffs are "beneficiaries" as defined by ERISA is in question.[5] If the Plaintiffs are not ERISA beneficiaries, then they lack standing to bring a lawsuit pursuant to 29 U.S.C. § 1132(a)[6] for the denial of ERISA benefits as to the GMLI Plan funds. And if the Plaintiffs lack standing to bring a lawsuit for the denial of benefits pursuant to 29 U.S.C. § 1132(a), then this action, originally filed in state court and containing only state law claims, should not be re-characterized as an ERISA action and should be remanded to the Superior Court of Houston County. *See, e.g.*, *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343-45 (11th Cir. 2009) (discussing ERISA and "complete preemption").

However, it is not fully clear to the Court whether (1) the Plaintiffs are alleging that they are the true ERISA "beneficiaries" because Defendant Linda Hallman changed the GMLI Plan's listed beneficiaries without the permission or authorization of the decedent policy holder, Robert F. Hallman, Jr., or (2) whether they concede Linda Hallman is the sole ERISA "beneficiary" on the GMLI Plan, and are relying on only state law to argue that Linda Hallman, notwithstanding the fact that she is the designated

---

[5] "The term 'beneficiary' means a person *designated by a participant,* or *by the terms of an employee benefit plan*, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8) (emphasis added).

[6] Section 1132(a) provides that "[a] civil action may be brought by a *participant* or *beneficiary* to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B) (emphasis added). While the Plaintiffs' status as "beneficiaries" is questionable, it is clear the Plaintiffs are not plan "participants."

beneficiary, should not be allowed to receive the plan benefits. (*See* Doc. 13, ¶¶ 31, 35; Doc. 24 at 2-3). If the Plaintiffs allege they are the true "beneficiaries" as defined by ERISA because Robert F. Hallman, Jr., did not designate Linda Hallman as beneficiary, they likely have standing to sue under 29 U.S.C. § 1132(a); if instead they are admitting Linda Hallman is the "beneficiary" as defined by ERISA but are arguing that the divorce agreement or some other principle of state law does not allow her to retain benefits she would otherwise receive, they do not have standing to bring an ERISA claim and this case should be remanded.

Accordingly, the Plaintiffs are directed to, **within 7 days** of the entry of this Order, inform the Court whether the Plaintiffs are alleging that they are the true ERISA "beneficiaries" because Defendant Linda Hallman changed the GMLI Plan's listed beneficiaries without the permission or authorization of the decedent policy holder, Robert F. Hallman, Jr., or whether they concede Linda Hallman is the sole ERISA "beneficiary" on the GMLI Plan, and are relying on only state law to argue that Linda Hallman, notwithstanding the fact that she is the designated beneficiary, should not be allowed to receive the plan benefits.

**SO ORDERED**, this 21st day of June, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT