IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CHARLENE H. HALLMAN, as next friend of H.H., a minor,[1] JESI HALLMAN, AMANDA E. WALTERS, and ROBERT W. HALLMAN,<br><br>    Plaintiffs,<br><br>v.<br><br>LINDA C. HALLMAN and PRINCIPAL LIFE INSURANCE COMPANY,[2]<br><br>    Defendants. | CIVIL ACTION NO. 5:12-CV-4 (MTT) |

## ORDER

Before the Court is Defendant Linda Hallman's affidavit (Doc. 28), which the Court has construed as a motion to declare her the ERISA beneficiary of insurance proceeds payable due to the death of Robert F. Hallman.  The motion is **GRANTED**.

As outlined in this Court's previous Orders, this dispute involves funds issued by former Defendant Principal Life under Policy No. 1005562:  the Group Voluntary Term Life Insurance Plan ("GVTL Plan")[3] and the Group Member Life Insurance Plan ("GMLI Plan").  A divorce agreement between Robert Hallman and his previous wife, Charlene Hallman, purportedly obligated Robert Hallman to list the Plaintiffs, his four children, as beneficiaries of his life insurance policies.  However, sometime after Robert Hallman

---

[1] The Plaintiff "H.H." is no longer a minor.

[2] Principal Life has been dismissed from this action.  (Doc. 18).

[3] The GVTL Plan funds were fully disposed of by a previous Order of this Court.  (Doc. 18).

married Defendant Linda Hallman and before he died, the listed GMLI Plan beneficiary was changed from his children to Linda Hallman.

The lawsuit was originally filed in Houston County Superior Court and asserted only state law claims, but Principal Life removed the case to this Court because the insurance plans are employee welfare benefits governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* (Doc. 1). After depositing the money into the Court registry, Principal Life was dismissed. (Doc. 18). Further, the Court ordered the remaining portion of the GVTL Plan benefits be paid to Plaintiffs Jesi Hallman and H.H., who were listed beneficiaries. This left only the GMLI Plan funds to be disposed of. (Doc. 18). Linda Hallman is the only listed beneficiary to the GMLI Plan.

After asking the parties to address various jurisdictional issues related to this case, the Court now finds, and the Plaintiffs concede (Doc. 30), that Linda Hallman is the named beneficiary pursuant to ERISA. Accordingly, federal law entitles her to receive the GMLI Plan funds as outlined in the plan documents. However, there remain questions under Georgia law as to whether Linda Hallman may retain these funds once they are paid or whether she must surrender the money to the Plaintiffs. The Court expresses no opinion on these state law issues. They are decisions for a Georgia court to make.

Therefore, because there are no federal issues left to decide, it is hereby **ORDERED** that this action be **REMANDED** to the Superior Court of Houston County for all further proceedings related to the Plaintiffs' state law claims. Because the ultimate dispute over the final disposition of the benefits is not yet resolved, the GMLI Plan funds and any associated interest that has accrued while held in the registry of this Court shall

be transferred to the registry of the Houston County Superior Court until the Plaintiffs' claims are fully adjudicated.

**SO ORDERED**, this 6th day of August, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT